**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE**

<u>John Robert Demos</u>

    v.                            Civil No. 10-cv-100-JL

<u>State of New Hampshire, et al.</u>

**REPORT AND RECOMMENDATION**

Pro se plaintiff John Robert Demos brings this petition for a writ of habeas corpus alleging violations of his rights accruing under "international law," the United States Constitution, and other sources. In short, Demos alleges that his Washington State conviction and sentence are unconstitutional and that he should be released from custody as the State of Washington does not have jurisdiction over him due to violations of treaties the United States government entered into with Native Americans.

28 U.S.C. § 2244(a) & (b)(1) mandate that:

> No circuit or district judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for writ of habeas corpus . . .
>
> A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.

28 U.S.C. § 2244(3)(A) further mandates that "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."

Demos is a prodigious litigant who has filed more than 800 civil cases in various courts around the country during the last two decades. A review of a small portion of those cases indicates that Demos has sought habeas relief challenging "the legality of [his] detention," 28 U.S.C. § 2244(a), and been denied relief in a number of federal courts, including the United States Supreme Court.[1] Demos has previously filed habeas actions which have been dismissed as second or successive petitions in other courts. See Demos v. Washington, No. 5:10-CV-88, 2010 WL 2680372, *1 (D. Vt. July 6, 2010) (finding that the habeas petition filed in that action was a successive petition); Demos v. Glebe, No. 10-CV-125-GKF-PJC, 2010 WL 1253532, at *1 (N.D. Okla. Mar. 22, 2010) (dismissing habeas petition as successive and finding that Demos had previously filed in excess of thirty habeas petitions in federal courts). Accordingly, I find that the present petition is a successive habeas petition. Demos has

---

[1] Demos is a restricted filer in many courts. There is no reason, at this point, to proactively restrict his filing in this Court as he has not been vexatious thus far in his litigation in the District of New Hampshire.

not sought permission from the First Circuit Court of Appeals to bring this matter, as required by § 2244(3)(A), and I recommend that it be dismissed as this Court lacks jurisdiction to consider this matter.

Any objections to this Report and Recommendation must be filed within fourteen (14) days of receipt of this notice. Failure to file objections within the specified time waives the right to appeal the district court's order.  See Unauth. Practice of Law Comm. v. Gordon, 979 F.2d 11, 13-14 (1st Cir. 1992); United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986).

_____
Landya B. McCafferty
United States Magistrate Judge

Date:  October 18, 2010

cc:  John Robert Demos, Jr., pro se

LBM:jba